# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **WAVERLY LICENSING LLC,** | |
| Plaintiff, | |
| v. | Case No. 6:22-cv-1144-RP |
| **POWER INTEGRATIONS, INC.,** | JURY TRIAL DEMANDED |
| Defendant. | |

## POWER INTEGRATIONS' MOTION TO DISMISS FOR IMPROPER VENUE

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1

II.  PI IS NOT LOCATED IN THIS DISTRICT ..................................................................... 3

III. GOVERNING LAW ............................................................................................................ 4

IV.  ARGUMENT ........................................................................................................................ 5

V.   CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Nat'l Steel Car v. The Greenbrier*,
  6:19-cv-00721-ADA, 2020 WL 4289388 (W.D. Tex. July 27, 2020)........................................4

*Optic153 LLC v. Thorlabs Inc.*,
  No. 6:19-cv-00667-ADA, 2020 WL 3403076 (W.D. Tex. June 19, 2020)..............................4

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017).................................................................................................. *passim*

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018).................................................................................................4

**Statutes**

28 U.S.C. § 1400(b) ..................................................................................................................1, 4

28 U.S.C. § 1406(a) ..................................................................................................................1, 5

I.      **INTRODUCTION**

Defendant Power Integrations, Inc. ("PI" or "Defendant") hereby moves to dismiss this patent infringement action filed by Plaintiff Waverly Licensing LLC ("Waverly" or "Plaintiff") because venue is not proper in this District under *TC Heartland*.  As established below, PI is incorporated in Delaware (where it thus "resides"); its principal place of business is in San Jose, California; and it has no "regular and established place of business" in this District.  (Walker Decl. ¶¶ 3-5.)  The Court must therefore dismiss this case for improper venue under 28 U.S.C. §§ 1400(b) and 1406(a), or else transfer it "to any district or division in which it could have been brought."  The District of Delaware is such a district, because PI is incorporated there.

In addition, PI is concurrently filing a declaratory judgment action in Delaware to address the merits of this case.  (Headley Decl. ¶ 1, Ex. 1.)  In addition to being PI's state of residence, Delaware is particularly appropriate because Chief Judge Connolly is presiding over related litigation filed by Plaintiff and related entities on the same patent and other related patents.  (Headley Decl. Exs. 2-3.)[1]  Judge Connolly is also addressing the misleading nature of these entities, which all appear to have been created as shells to hide the real party in interest.  On information and belief, the real parties in interest include IP Edge LLC and its affiliates Array IP LLC and MAVEXAR LLC.[2]

---

[1] The patent at issue in this case is U.S. Patent No. 10,938,246 B2 ("the '246 patent").  Waverly also asserted the '246 patent in the District of Delaware in cases against AT&T and Granite River Labs, among others.  (*See* Headley Decl. ¶¶ 3-5, Exs. 2-3.)  In addition, an entity by the name of Creekview IP LLC has also filed lawsuits in Delaware regarding another patent in the same family as the '246 patent, U.S. Patent No. 9,608,472 ("the '472 patent"), including lawsuits filed against Skullcandy and Jabra.  (*See* Headley Decl. ¶¶ 6-9, Exs. 4-6.)

[2] A 2021 assignment of both the '246 patent and the '472 patent that was filed with the U.S. Patent and Trademark Office shows that both patents were assigned from the original owner to Array IP LLC, whose principal lists an e-mail address at IP Edge LLC, before this family of patents was split between Waverly and Creekview for purposes of enforcement.  (Headley Decl. ¶ 10, Ex. 7.)

For example, Waverly alleges in its complaint here that it "is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 3333 Preston Road, Suite 300, Frisco, Texas 75034."   (Dkt. No. 1 ("Complaint") ¶1.) However, that address (3333 Preston Road, Suite 300) is actually a Staples store, and Waverly's purported principal place of business within that "suite" is an open shelf, as shown below:





(Headley Decl. Exs. 8-10.)   As Chief Judge Connolly recently remarked at a hearing involving one of IP Edge's other sham entities, "if you were representing in a pleading in my court that a

P.O. Box was a suite, that would have some questions to be addressed . . . because that's misleading. I prosecuted fraud cases as a prosecutor against folks that engaged in fraudulent schemes, you know, telemarketing schemes, in part, by using suite numbers for what were really P.O. Boxes." (Headley Decl. Ex. 11 at 15:22-16:5.)

That investigation is continuing.[3] But all this Court must address at this time is the fact *TC Heartland* does not permit Plaintiff to sue PI in this District. Therefore, the Court must dismiss or transfer the case.

## II.     PI IS NOT LOCATED IN THIS DISTRICT

PI has no employees in this district and no regular and established place of business in this District. (Walker Decl. ¶¶ 4-5.) PI is incorporated in Delaware and has its global headquarters in San Jose, California, where it maintains facilities for its employees to work on the design and marketing of its products. (*Id.* ¶¶ 3, 6.) The vast majority of the work related to the development of PI's products occurs in the Northern District of California. (*Id.* ¶ 6.) Furthermore, none of PI's design or marketing work related to its products occurs in the Western District of Texas. (*Id.*) Similarly, the vast majority of the manufacturing and testing of PI's products occurs overseas in Asia. (*Id.* ¶ 7.) None of the manufacturing or testing of PI's products occurs in this District. (*Id.*)

Waverly's Complaint cites an old PI job listing in Austin as the only proof that PI supposedly "maintains physical brick-and-mortar business locations in the State of Texas and within this District, retains employees specifically in this District for the purpose of servicing

---

[3] Notably, the IP Edge intermediary who acquired the patent-in-suit before Waverly, Array IP LLC, shares the same business address (the Staples store) as Waverly and other IP Edge-affiliated entities, including Nimitz Technologies LLC, another of the entities that Judge Connolly is currently investigating regarding its filings and disclosures in the context of its patent enforcement efforts in Delaware. (Headley Decl. ¶ 12, Exs. 11-13.)

customers in this District, and generates substantial revenues from its business activities in this District." (Complaint ¶ 6.) However, that job was not filled, PI has no employees in this District, and PI has no plans to hire anyone in this District. (Walker Decl. ¶¶ 4-5.) In addition, PI does not maintain any "physical brick-and-mortar business location" in this District (and never did so). (*Id.* ¶ 5.) Indeed, a simple search of the Texas Comptroller's website confirms that PI is not set up to pay franchise taxes in Texas, and PI does not file state tax returns in Texas. (*Id.*)

**III.   GOVERNING LAW**

The plaintiff bears the burden of establishing proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018) ("[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue.").

28 U.S.C. § 1400(b) provides "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." This means plaintiffs have two choices to establish venue in patent cases: (1) "where the defendant resides" or (2) where the defendant "has a regular and established place of business."

In *TC Heartland*, the Supreme Court overruled the Federal Circuit and held "residence" in §1400(b) "refers only to the State of incorporation." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017); *see also Optic153 LLC v. Thorlabs Inc.*, No. 6:19-cv-00667-ADA, 2020 WL 3403076, at *1 (W.D. Tex. June 19, 2020) (granting motion to dismiss under *TC Heartland*); *Nat'l Steel Car v. The Greenbrier*, 6:19-cv-00721-ADA, 2020 WL 4289388, at *1 (W.D. Tex. July 27, 2020) (granting motion to transfer under *TC Heartland*).

Finally, 28 U.S.C. § 1406(a) states that a court "shall dismiss" a case with improper venue—"or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

## IV.   ARGUMENT

Under *TC Heartland*, PI is not subject to suit in this District.   PI's state of residence is Delaware, and it has no "regular and established place of business" in this District.   (Walker Decl. ¶¶ 3-4.)   Therefore, 28 U.S.C. § 1406(a) requires the case be dismissed, or transferred to a district where it could have been brought if transfer is in the interest of justice.

PI requests dismissal, but if the Court prefers transfer, Delaware is a district where the case could have been brought, since PI resides there.   In addition, as noted above, PI has also filed a corresponding declaratory action in Delaware; Waverly and related entities have filed actions on the same and related patents in Delaware; and Delaware Chief Judge Connolly is conducting hearings regarding who the real party in interest is.   (Headley Decl. ¶¶ 2-10, 12; Exs. 1-7, 12-13.)   Unlike this case, PI's declaratory action in Delaware names as parties all of the entities who appear to be the real parties in interest with respect to the '246 patent–in-suit, not just Waverly.   That is an additional reason for this Court to dismiss this suit and/or transfer it to the District where all proper parties have been named, and are also before the Court in other, related cases.

## V.   CONCLUSION

For the foregoing reasons, PI respectfully requests that the Court dismiss this case for lack of proper venue, or else transfer it to the District of Delaware.

Dated: November 30, 2022         FISH & RICHARDSON P.C.

By: */s/ David M. Hoffman*
David M. Hoffman
Texas Bar No. 24046084
*hoffman@fr.com*
111 Congress Avenue, Suite 810
Austin, TX   78701
Telephone: (512) 472-5070

Frank E. Scherkenbach (*pro hac vice* forthcoming)
*scherkenbach@fr.com*
One Marina Park Drive
Boston, MA   02210-1878
Telephone: (617) 542-5070

Michael R. Headley (*pro hac vice* forthcoming)
*headley@fr.com*
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA   94063
Telephone: (650) 839-5070

**COUNSEL FOR DEFENDANT**
**POWER INTEGRATIONS INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on November 30, 2022, and was served via CM/ECF on all counsel of record.

*/s/ David M. Hoffman*
David M. Hoffman